IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMP DRUG STORE, INC and KEVIN LEE HENDRICK, on behalf of themselves and all others similar situated,<br><br>           Plaintiff,<br><br>v.<br><br>NORTH COAST MEDICAL SUPPLY and NORTH COAST MEDICAL SUPPLY, LLC d/b/a ADVANCED DIABETES SUPPLY,<br><br>           Defendant. | Case No.<br><br>Hon. Judge<br><br>Hon. Magistrate Judge |

## DEFENDANTS NORTH COAST MEDICAL SUPPLY AND NORTH COAST MEDICAL SUPPLY, LLC D/B/A ADVANCED DIABETES SUPPLY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, et seq., Defendants North Coast Medical Supply and North Coast Medical Supply, LLC d/b/a Advanced Diabetes Supply ("Defendants"), by and through their attorneys of record, hereby give notice of removal of this action from the Circuit Court of Madison County, Illinois, Civil Division to the United States District Court for the Southern District of Illinois. In support thereof, Defendants state as follows:

**I.    THE STATE COURT ACTION**

1. On November 7, 2023, Plaintiffs Camp Drug Store and Kevin Lee Hendrick ("Plaintiffs") initiated this civil action against Defendants by filing a Complaint in the Circuit Court of Madison County, Illinois, Civil Division captioned *Camp Drug Store, et al. v. North Coast Medical Supply, et al.* No. 2023LA001536 ("State Court Action"). A copy of the Complaint is attached hereto as **Exhibit 1.**

2. Pursuant to 28 U.S.C. § 1446(a), copy of all process, pleadings, and orders that have been filed and served upon Defendants in the State Court Action are attached hereto as **Exhibit 2**.

3. The Summons and Complaint were served on Defendants via special process server on November 17, 2023. (*See* State Court Action Docket Sheet, attached hereto as **Exhibit 3**.). This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

4. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the Circuit Court of Madison County, Illinois, Civil Division. Defendants will also serve Plaintiffs with a copy of this Notice of Removal, a true and correct copy of which is attached hereto as **Exhibit 4**.

5. Pursuant to 28 U.S.C. § 93(c), venue for this case is proper in the Southern District of Illinois.

## II. Removal Pursuant to 28 U.S.C. § 1331

6. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because it involves a federal question. *See* 28 U.S.C. § 1331 (providing that district courts shall have original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States").

8. Here, this Court has jurisdiction over the State Court Action because Plaintiffs primarily bring a cause of action under the Telephone Consumer Protection Act ("TCPA"), 47

U.S.C. § 227, *et seq*. and its associated federal regulations for the alleged transmission of an unlawful facsimile. (*See* Ex. 1 ¶¶ 56-78.)

9. The TCPA does not provide exclusive jurisdiction of the state courts, and therefore TCPA actions filed in state court can be removed to federal court under § 1441, regardless of the parties' citizenship or residence. *See, e.g., Mims v. Arrosw Fin. Servs., LLC*, 132 S. Ct. 740 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) (finding that TCPA claims brought in state court may be removed to federal court under either the Class Action Fairness Act or the general removal provision).

10. This Court also has supplemental jurisdiction over Count II of the Complaint, a claim for common law conversion, pursuant to 28 U.S.C. § 1367(a) because it arises out of the same series of events that give rise to Plaintiffs' TCPA claim, and both claims form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). This claim arises out of the exact same alleged unlawful facsimile transmission. (*See* Ex. 1 ¶¶ 79-85.)

11. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants consent to the removal of this civil action to this Court.

12. Pursuant to 28 U.S.C. § 1441 and 1446, removal of the State Court Action to this Court is appropriate.

WHEREFORE, Defendants North Coast Medical Supply and North Coast Medical Supply, LLC d/b/a Advanced Diabetes Supply hereby remove this civil action to this Court.

Dated: December 15, 2023        **NORTH COAST MEDICAL SUPPLY AND NORTH COAST MEDICAL SUPPLY, LLC D/B/A ADVANCED DIABETES SUPPLY**

By: *Patrick E. Foppe*

Patrick E. Foppe    IL Reg. No. 6282882
**LASHLY & BAER, P.C.**
714 Locust Street
St. Louis, MO 63101

20 East Main Street
Bellville, IL 62220
Phone: 314.621.2939
Email: pfoppe@lashlybaer.com

*Attorney for Defendants North Coast Medical Supply and North Coast Medical Supply, LLC d/b/a Advanced Diabetes Supply*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 15, 2023, the foregoing was filed via the Court's electronic filing and served by email upon:

Phillip A. Brock
BROCK HATCH & OPPENHEIM, LLC
203 N La Salle St, Ste 2100
Chicago, IL 60601
Phone: 312-658-5500
Fax: 312-658-5555
Email: service@classlawyers.com

Paul A. Marks, Esq.
SIVIA BUSINESS & LEGAL SERVICES, P.C.
217 S. Main Street
Edwardsville, IL 62025
Phone: 618-659-4499
Fax: 855-319-7816
Email: pmarks@sivialaw.com

/s Patrick E. Foppe